The presiding Judge, (Bay,)
in his charge to the jury, mentioned, that this was the quiet and peaceable remedy which the law had wisely devised, to put men into the quiet and peaceable possession of lands, from which they had been driven and expelled, by high handed, violent and turbulent men, who did not choose to submit themselves to the rules of law, but rather chose to depend upon the strong arm of power and violence to support their rights. That perhaps a wiser and better remedy was never devised by men in civil society than the one now pursued, as it went to check broils and bloodshed, by arraying the power of the country against a bold, daring intruder, instead of leaving *358 the quiet possessor, or injured man, to the necessity of taking justice by his own arm. That it was a well knowri maxim of law, that no man could recover lands but by the strength of his own title ; it did not depend upon the ■weakness of his adversary’s. It was well known also, that in this country, five years’ quiet possession of lands, not only cured defective titles, but gave a man a title to lands who had no other claim but possession. Possession, therefore, was a matter of vast importance to the citizens of this country.
The kind of injury, therefore, which had been committed by Brandon originally in this case, was one of the highest which could be offered to the rights of landed property -, as it had entirely changed the position of the parties, and would have made Judge Grimke the plaintiff in any action to try the title to the land in question ; instead of Brandon being plaintiff, which would have been permitting him to have carved out for himself a presumptive title, by his own violent act, which the law abhors. This remedy, was, therefore, calculated to place the parties in their original situation, and to leave them to their mutual remedies at law without force or violence. That the conduct of Brandon in confederating with Gilbert, and that of Gilbert in being concerned in the execution of the plan concerted by Brandon, in entering into this land after the judgment against Bran. don, was extremely reprehensible and illegal. For if it were once permitted for a defendant against whom there was a judgment, on a forcible entry and detainer, to put in a third person, or for a third person to enter afterwards, with a view of again putting a plaintiff’s title to the rack, such third person might again in his turn, after judgment against him, put another into possession, or permit him to enter ; so that there might be prosecutions without end, and the object of regaining possession by the plaintiff, would be as far off, as at the commencement of his first remedy, to regain his possession, to the utter subversion of all justice.
That the sheriff who had the writ of restitution, was well warranted in law, in turning out Gilbert or any other person *359 whom he found in possession of the premises, as the exigency of the writ commanded him to do ; and Gilbert’s entering again the next day after Judge Grimké’s agent had obtained possession, was a high misdemeanor; with the additional aggravation, that it was done in open defiance of law, and the supreme authority of the country.
The jury without hesitation found the defendant guilty % and on the last day of the circuit court, when defendant was called upon to receive the sentence of the court, his counsel gave notice of a motion for a new trial at the next constitutional court of appeals at Columbia, on the ground of misdirection.
In support of the motion for a new trial, Mr. Nott took the same grounds which he urged on the trial at Union, when the court after hearing the arguments for the motion, thought it unnecessary to hear counsel against it, and were unanimously of opinion, that the rule should be discharged, as they concurred with the presiding judge on the trial in his construction of the law on this subject.
The defendant was then fined, and ordered to give securities for his good behaviour, but he absconded and soon after left the state.
Present, Waties, Bay, Johnson, Teezevant and BREVARD,